UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CIVIL ACTION NO. 14-51-DLB-JGW

KEVIN RAIFORD                                                                                         PETITIONER

V.         <u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

GARY BECKSTROM, Warden                                                                  RESPONDENT

\*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*

This matter is before the Court upon the Magistrate Judge's Report and Recommendation (R&R) (Doc. # 14), in which he recommends that the Court deny Petitioner Kevin Raiford's 28 U.S.C. § 2254 petition for writ of habeas corpus. Raiford having filed objections to the R&R (Doc. # 17), and the Warden's time to submit a response having expired, this matter is ripe for review. For the reasons that follow, Petitioner's objections are **overruled**, and the R&R is **adopted** as the opinion of the Court.

**I.     Facts**

In 2005, a Fayette County Circuit Court sentenced Raiford to thirty-five (35) years in prison for "first-degree robbery, receiving stolen property over $300, and being a persistent felony offender in the first-degree." *Raiford v. Commonwealth*, No. 2005-SC-0273-MR, 2006 WL 2455987, at * 1 (Ky. Aug. 24, 2006). The following is a brief recitation of the facts: The morning after stealing a car, Raiford walked into a Marathon gas station on South Broadway in Lexington, Kentucky armed with a hunting knife and demanded money from the station's owner, Andy Aullman. During the course of the robbery, Aullman

1

was able to positively identify Raiford and write down the license plate number of his stolen getaway car. Minutes later, a Lexington police officer pulled over the matching vehicle, Raiford stepped out, and the officer placed him under arrest.

Raiford raises three claims in his § 2254 petition: (1) his Sixth Amendment right to an impartial jury was violated because a juror, Donna Holland, did not disclose in *voir dire* that she was a customer of the Marathon gas station; (2) his trial counsel was constitutionally ineffective for not requesting a jury instruction on second degree robbery; and (3) his trial counsel was constitutionally ineffective for not permitting him to testify. Where Raiford has made specific objections to the Magistrate's R&R, the Court will review them *de novo*. 28 U.S.C. § 636(b)(1)(c); *Jones v. O'Dea*, 83 F.3d 422, *1 (6th Cir. 1996) ("[A] party must file specific objections to the magistrate judge's report.").

**II.  Analysis**

    **A.  Applicable law**

When a petitioner raises a claim in a § 2254 petition that the state courts adjudicated on the merits, a federal court may grant relief only if "the adjudication resulted in a decision that: (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) was based upon an unreasonable determination of the facts in light of the evidence presented to the state courts." *Willis v. Smith*, 351 F.3d 741, 744 (6th Cir. 2003) (citing 28 U.S.C. § 2254(d)).

To prevail on an ineffective assistance of counsel claim, a petitioner must show that his counsel's performance was deficient and that his counsel's deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). On federal habeas

review, establishing ineffective assistance of counsel is "all the more difficult" because "the question is not whether counsel's actions were reasonable . . . [t]he question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 788 (2011).

### B. Juror Bias

Raiford submits that his Sixth Amendment right to an impartial jury was violated because one of the jurors, Donna Holland, was a customer at the Marathon gas station and recognized Aullman when he testified. During *voir dire*, the jury pool was asked whether they were familiar with the Marathon gas station or any of the names on the witness list. *Raiford*, 2006 WL 2455987, at * 1. *Id.* At a later evidentiary hearing, Holland testified that she did not speak up during *voir dire* because, although she recognized Aullman when he took the stand, she did not know him by name or the Marathon station's address.[1] *Id.* at 2. She further testified that she did not immediately inform the Court that she knew Aullman because, remembering the questions asked during *voir dire* of jurors who knew a witness, she believed that she could be "fair and impartial." *Id.*

On direct appeal, the Kentucky Supreme Court denied Raiford's claim for two reasons: (1) Holland was mistaken, not dishonest, in not responding to the questions, and (2) Holland did not do anything to conceal any bias against Raiford. *Id.* at 3. In the Magistrate's R&R, he recommended that this Court deny Raiford's claim because Raiford had not demonstrated that the Kentucky Supreme Court was unreasonable in its application of federal law. (Doc. # 14 at 8). Based on Holland's testimony, the Court

---

[1] At the time of the trial, there were apparently several Marathon stations on South Broadway. *Id.* at 2.

agrees with the Magistrate and the Kentucky Supreme Court that her failure to recognize Aullman's name or the gas station's address were honest mistakes. Raiford, however, argues that even if Holland's mistake was in good faith, it does not necessarily prevent a finding of bias. (Doc. # 17 at 4). Because Raiford is correct under Sixth Circuit law, *Zerka v. Green*, 49 F.3d 1181, 1186 n.7 (6th Cir. 1995), the Court will address his argument.[2]

Under Sixth Circuit precedent, when a juror conceals information "through an honest, though mistaken, response," a petitioner "'must show actual bias' in order to obtain a new trial." *United States v. Solorio*, 337 F.3d 580, 595-96 (6th Cir. 2003) (quoting *Zerka*, 49 F.3d at 1186). Raiford argues that there is actual bias because Holland, as a customer at Aullman's gas station, had written him some bad checks, and out of remorse, she would have wanted to support him as the state's complaining witness. However, this argument ignores Holland's testimony that she was not aware that she had cashed bad checks at Aullman's store until *after* the trial, when the Commonwealth had served her notice of the check charges. *Raiford*, 2006 WL 2455987, at *2. It further ignores Holland's testimony that she believed, despite being Aullman's customer, that she could be fair and impartial. *Id.* As the Kentucky Supreme Court noted "Aullman and Holland never engaged in more than a typical cashier-customer conversation." *Id.* For these reasons, in addition to the reasons stated in the Magistrate's R&R, the Court concludes that Holland was not a biased

---

[2] The Court is aware that it may grant habeas relief on a legal error claim only when the state court's adjudication is contrary to "clearly established law as determined by the *Supreme Court of the United States*." 28 U.S.C. § 2254(d) (emphasis added). However, the Court is also aware that it may "look to lower courts of appeals' decisions, not as binding precedent, but rather to inform the analysis of Supreme Court holdings to determine whether a legal principle had been clearly established by the Supreme Court." *Foley v. Parker*, 488 F.3d 377, 382 (6th Cir. 2007). In holding that a party may obtain a new trial even when a juror's response is honest, the *Zerka* Court analyzed *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548 (1984). 49 F.3d at 1186 n.7. Thus, this Court with apply *Zerka*, especially since it does not alter the outcome.

juror.

### C. Jury instructions

Raiford argues that his trial counsel was ineffective for not requesting a jury instruction on the lesser included offense of second degree robbery. The Magistrate recommended that this Court deny Raiford's claim because it is based upon Kentucky state law and not cognizable on federal habeas review, and because the Kentucky appellate court's adjudication of Raiford's *Strickland* claim was reasonable under § 2254. (Doc. # 14, 9-11). Raiford objects, maintaining that his trial counsel's failure to request the lesser included instruction rendered his counsel's performance constitutionally deficient.

The Court will deny Raiford's objection because it agrees with the Magistrate that the Kentucky appellate court's denial of Raiford's *Strickland* claim was reasonable. In denying Raiford's first RCr 11.42 motion, the Kentucky appellate court held that Raiford's trial counsel was not ineffective for deciding not to request a second degree robbery instruction because the evidence did not support the instruction. *Raiford v. Commonwealth*, No. 2009-CA-000077, 2010 WL 2428071, *2 (Ky. Ct. App. June 18, 2010). Raiford "used a [hunting] knife during the robbery and threatened the store clerk with it," which is first degree robbery under Ky. Rev. Stat. Ann. 515.020(1)(c).[3] *Id.* A rational jury could not have found Raiford guilty of second degree robbery while finding him not guilty of first degree robbery, because that would require a finding that Raiford threatened Aullman without the use of the hunting knife – a finding that would have been inconsistent

---

[3] Ky. Rev Stat. 515.020(1)(c): A person is guilty of robbery in the first degree when, in the course of committing theft, he uses or threatens the immediate use of physical force upon another person with intent to accomplish the theft and when he [u]ses or threatens the immediate use of a dangerous instrument upon any person who is not a participant in the crime.

5

with the evidence.[4] Because the trial court would not have given the second degree robbery instruction, Raiford's counsel was not unreasonable for not requesting it, and his counsel's decision did not prejudice him. See *Wombles v. Commonwealth*, 831 S.W.2d 172, 175 (Ky. 1992) (stating that under Kentucky law, "the trial court is required to instruct a jury on lesser-included offenses when it is so requested *and* it is justified by the evidence.").

### D. Decision not to testify

In his final ground for relief, Raiford contends that the Kentucky court unreasonably applied federal law in rejecting his claim that his counsel was constitutionally ineffective for not allowing him to testify. The Magistrate recommended that this Court deny Raiford relief because he had not met the high burden imposed on a § 2254 petitioner bringing a *Strickland* claim. Raiford's objects, arguing that the trial record demonstrates that he did not waive his right to testify, and that if he did testify, there is a "reasonable probability" that the outcome of the trial would have been different.

The Court concludes that Raiford's counsel was not deficient in advising him not to testify and that Raiford's failure to testify did not prejudice him. Counsel's advice not to testify was sound trial strategy because Raiford "was a convicted felon," "was captured in the getaway car within ten to fifteen minutes after the crime," and therefore "his testimony would have little credibility in light of the strong evidence presented against him." *Raiford v. Commonwealth*, No. 2011-CA-559, 2013 WL 132578, *2 (Ky. Ct. App. Jan. 11, 2013).

---

[4] Ky. Rev. Stat. 515.030: A person is guilty of robbery in the second degree when, in the course of committing theft, he uses or threatens the immediate use of physical force upon another person with intent to accomplish the theft.

6

The Kentucky court was also reasonable in determining that Raiford's failure to testify did not prejudice him. The Court reaches that conclusion for the same reason cited by the Kentucky Court of Appeals:

> This is particularly true given the strong evidence presented against him. This evidence included identification by the Marathon owner and evidence found in a stolen vehicle Raiford was driving less than twenty minutes after the robbery, not to mention the fact that the Marathon owner indicated that he not only identified Raiford when asked to do so by authorities but that he also recognized Raiford while the crime was being committed and informed Raiford that he recognized him while he was committing the crime. Raiford presented no evidence at the hearing regarding the testimony he would have presented at trial.

*Id.* at 3. Because the Kentucky Court of Appeals was reasonable in determining that Raiford did not receive ineffective assistance of counsel with respect to his decision not to testify, this claim in denied.

**IT IS ORDERED** as follows:

(1) Petitioner's Objections to the Magistrate Judge's Report and Recommendation (Doc. # 17) are hereby **OVERRULED**;

(2) The Magistrate Judge's Report and Recommendation (Doc. # 14) is hereby **ADOPTED** as the findings of fact and conclusions of law of the Court;

(3) The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. # 1) is hereby **DENIED**;

(4) The matter is hereby **DISMISSED** and **STRICKEN** from the active docket of this Court;

(5) The Court determines there would be no arguable merit to an appeal in this matter and, therefore, no certificate of appealability shall issue; and

(6) A separate Judgment shall be entered contemporaneously herewith..

This 23rd day of December, 2014.



Signed By:
*David L. Bunning*  DB
United States District Judge

G:\DATA\ORDERS\Lexington\2014\14-51 order adopting r&r.wpd